UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ALVIN LEROY BALDWIN, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ALVIN LEROY BALDWIN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1009 HEA |
| ) | |
| CREDIT BASED ASSET SERVICING ) | |
| AND SECURITIZATION, ) | |
| ) | |
| Appellee. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Appellant's appeal from the Bankruptcy Court Order of June 18, 2008 in which the Court denied Appellant's "Motion to Set Aside Judgment Order and Allow New Additional Evidence Be Admitted and Reviewed That Was Not Available at the Time of Hearing." Jurisdiction over this appeal is proper under 28 U.S.C. § 158(a).

The Court will affirm the judgment of the Bankruptcy Court for the reasons set forth below.

**Factual Background**

The factual background of this matter has been set forth in the previous appeal of the decision of the Bankruptcy Appeal Panel to the Eighth Circuit Court of Appeals:

> Since 1996, Baldwin has filed eight Chapter 13 bankruptcy cases, all of which were dismissed before confirmation of a plan. After four of the filings, in May 2002, Baldwin and the predecessor of Credit Based Asset Servicing and Securitization (CBASS) entered into a home loan. After the dismissal of his sixth Chapter 13 case, CBASS scheduled a foreclosure sale for March 24, 2005. That day Baldwin filed a Chapter 13 petition, which was dismissed two months later. CBASS scheduled another foreclosure sale for July 14, which was canceled when the parties reached a workout agreement. Baldwin defaulted. CBASS scheduled a third foreclosure sale for March 2, 2006. Baldwin filed his eighth Chapter 13 case on February 23. CBASS postponed the foreclosure sale to March 9. On March 3, CBASS moved to expedite and to dismiss, or in the alternative, for relief from the automatic stay. The attorney's "Certificate of Service" to the motion states that "a copy of this document was either electronically mailed or forwarded first-class regular mail March 3, 2006 to ... Alvin Leroy Baldwin."
>
> The bankruptcy court set a hearing on CBASS's motion at 9:00 a.m. on March 9. When the case was called, CBASS orally informed the court that personal service was obtained on March 7 (no affidavit or other evidence regarding service appears in the record). CBASS told the court that "mailed copies would have also gone out of my office on March the 3rd." Because Baldwin was not present, the bankruptcy court moved the case to the end of the morning docket. When the case was called at 10:38 a.m., Baldwin was not present. No evidence was presented. After hearing from CBASS, the bankruptcy court adopted the first eleven allegations of CBASS's motion as its findings of fact, including that the case was filed solely to hinder, delay, and frustrate creditors, and thus not in good faith. The court, "after notice and

hearing," dismissed the case, barred Baldwin from refiling for 180 days, and denied (as moot) the motion for relief from the stay. CBASS conducted the foreclosure sale at about 11:00 a.m., selling the property to a third party.

At 12:34 p.m., Baldwin pro se filed a motion objecting to the expedited hearing and requesting rescission of the sale. He alleged, "I have not been served in person since I have not been home in months. I have been out of town on business." Further, he said that he "just received this notice today March 10, 2006, at 10:45 a.m. by United States mail at my residence." No affidavits were attached to the motion, which was not verified. Baldwin did attach a copy of the envelope, which is correctly addressed but has no discernible postage date. On March 15, the bankruptcy court denied Baldwin's motion as moot because the "motion was not filed until after the hearing was held" (by a form entry on the face of the motion).

On March 23, 2006, Baldwin filed another pro se motion requesting reinstatement of the Chapter 13 case and rescission of the sale, due to inadequate notice. In this motion, Baldwin alleged that the mailed notice arrived at his residence at 10:30 a.m. on March 9. Again, no affidavits were attached to the motion, which was not verified. On March 28, the bankruptcy court denied that motion because it was "filed more than ten days from date of dismissal" (by a form entry on the face of the motion). See Fed. R. Bankr.P. 9023; Fed.R.Civ.P. 59(e).

Baldwin appealed to the BAP, which agreed that the March 9 filing was untimely and therefore did not consider it. However, in contrast to the bankruptcy court, the BAP characterized Baldwin's March 23 filing as a motion under Federal Rule of Civil Procedure 60(b)(4). See Fed. R. Bankr.P. 9024. Rule 60(b)(4) motions are not subject to a ten-day limitation like that applied by the bankruptcy court. See Fed.R.Civ.P. 60(c)(1). The BAP limited its consideration to whether the bankruptcy court should have vacated the dismissal order due to a lack of due process. The BAP held that the mailed notice was reasonable and appropriate under the circumstances of the case and thus satisfied due

process.  In reaching this conclusion, the BAP presumed that CBASS mailed notice on March 3 and attempted to personally serve Baldwin.

*Baldwin v. Credit Based Asset Servicing and Securitization* 516 F.3d 734, 735-37 (8th Cir. 2008).

The Eighth Circuit Court of Appeals remanded the matter to the Bankruptcy Court in order for that Court to determine whether proper notice was given to Appellant:

> Based on the record facts, even if the bankruptcy court had properly characterized the motion as under Rule 60(b)(4), this court cannot determine whether the bankruptcy court would have denied the motion (by finding that CBASS complied with constitutional notice requirements).  At the expedited hearing, the bankruptcy court received no evidence and then adopted facts that do not mention notice.  The bankruptcy court dismissed Baldwin's March 23 motion as untimely without any fact-finding.  As a result, the only agreed fact regarding notice is that CBASS's counsel mailed an envelope to Baldwin (which does not contain a discernible postage date).  All other information regarding notice is from allegations by CBASS's counsel or Baldwin.  The fact that notice was mailed at some point is not sufficient for this court to determine whether notice satisfied due process, and consequently whether the bankruptcy court's error was harmless.

*Id*. 516 F.3d at 738.

The Bankruptcy Court conducted a hearing on May 13, 2008 for the purpose of determining whether the notice that was given to Appellant was constitutionally sufficient.  Appellant appeared *pro se*; Appellee appeared through counsel.  Both parties presented evidence at the hearing.  The Bankruptcy Court rendered its

opinion that Appellant's due process rights were not violated.

Appellant appeals this Order. Appellant asserts various instances of errors in the findings of the Bankruptcy Court and therefore, the ultimate conclusion reached by the Bankruptcy Court was erroneous as well.

**Standard of Review**

Bankruptcy Rule 8013, which sets forth the standard of review to be applied by district courts with respect to bankruptcy appeals, provides: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." On the basis of this Rule, this Court must accept Judge Schermer's findings of fact unless they are found to be clearly erroneous. *Id.* The Court reviews the Bankruptcy Court's legal conclusions *de novo*. *In re SRC Holding Corp.,* 545 F.3d 661, 666 (8th Cir. 2008); . *In re Apex Oil Co., Inc.*, 406 F.3d 538, 541 (8th Cir. 2005).

**Discussion**

Appellant sets forth various claims of error. Fundamentally, Appellant

challenges the Bankruptcy Court's finding that the notice provided with respect to Appellee's Motion to Dismiss, or in the alternative, for Relief from the Automatic Stay complied with the due process requirements of the Fifth Amendment and the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Missouri.

The determination of whether the due process requirements have been satisfied has been firmly established:

> The Due Process Clause of the Fifth Amendment requires that, before property can be taken, notice and an opportunity for a hearing be provided. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In general, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314, 70 S.Ct. 652. The Due Process Clause does not require that an interested party actually receive notice. *Crum v. Vincent*, 493 F.3d 988, 993 (8th Cir.2007).

*Baldwin,* 516 F.3d 737.

Moreover, Rule 9014 only requires "reasonable notice and opportunity for hearing" which means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." Due process only requires that notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections--it does not require

that an interested party actually receive notice.

Moreover, even assuming that the notice and hearing were not appropriate under the circumstances, "[t]he issue then becomes whether the error was harmless, based on the facts of the case." *Id.*, 516 F.3d at 738; *In re T.G. Morgan, Inc.* 394 B.R. 478, 486 (8th Cir. BAP 2008).

The Bankruptcy Court determined, based on the certificate of service of mailings for Appellant's Motions and the parties' stipulation, that copies of Appellant's motions were mailed on March 3, 2006, six days before the scheduled hearing of March 9, 2006. Appellant also hired a special process server to attempt to serve Appellant personally. After hearing her testimony, the Bankruptcy Court determined that the process server was credible, but had not actually served Appellant, rather, she personally served an individual who claimed to be Appellant at the subject property address who was not Appellant, as he was out of town at the time. She provided a return of service to the effect that Mr. Baldwin had been personally served with the notice.[1]

The Bankruptcy Court discussed the circumstances surrounding granting of the Motion to Dismiss. The Court found that, having filed eight previous

---

[1] This Court notes that Appellant, based on the return of service, believed at the time of the hearing, that Mr. Baldwin had been served.

bankruptcy proceedings, Appellant was experienced in the bankruptcy arena and had experience in prior emergency motions. The Court also found that Appellant had taken certain steps in an effort to thwart the foreclosure of the subject property such as filing the bankruptcy itself, filing the matter *pro se*, absenting himself from the Court's jurisdiction at a critical time *vis a vis* the scheduled foreclosure sale and the latest bankruptcy finding. Furthermore, Ms. Vinson,[2] who has power of attorney for Appellant, has lived with Appellant for a number of years and has been authorized to sign pleadings on behalf of Appellant, curiously did not accept the attempted service.

Appellant admits that he was aware of the foreclosure sale set for March 2, 2006. In response to the notice of the foreclosure sale, Appellant filed his eighth Bankruptcy proceeding. Appellee, having been down this road with Appellant before, continued the foreclosure sale,[3] but sought relief from the Bankruptcy Court to proceed with the sale in an effort to avoid additional costs which would be incurred had the foreclosure sale been cancelled and Appellant had to start over. The Bankruptcy Court concluded that Appellant took all reasonable steps under the circumstances to effect notice of the Motion hearing.

---

[2] The Bankruptcy Court also acknowledged that Ms. Vinson is not a stranger to the Bankruptcy arena herself, having filed no less than thirteen Bankruptcy cases.

[3] Appellee points out that the foreclosure sale had been previously cancelled twice before.

The Findings of Fact by the Bankruptcy Court are not clearly erroneous. The Court was justified in finding that Appellant's actions were taken with an eye toward avoiding foreclosure, based on the Court's own records of Appellant's previous filings and dismissals of seven previous bankruptcies. The entire record before the Bankruptcy Court supports each and every finding of fact, and based on these findings, the Bankruptcy Court's conclusion of law that under the circumstances, the notice provided was sufficient to satisfy the due process requirements was not in error.

Moreover, this Court agrees with the Bankruptcy Court that *even if* the Bankruptcy Court's denial of Appellant's motion for a new trial was erroneous, the error was harmless in light of the fact that under the Bankruptcy Rules, the Court could have granted the requested relief *ex parte*. Appellant previously had deeded the subject property to a friend, Phyllis Barry, through a quit claim deed on July 14, 2004, thus devising himself of any interest in the property. See Rule 4001(a)(2) of the Federal Rules of Bankruptcy Procedure, which specifically authorizes *ex party* relief under certain circumstances, including, lack of adequate protection of a creditor's interest in the property and where the debtor has no equity in the property and the property is not necessary for an

effective reorganization.

## **Conclusion**

Based upon the foregoing, the Bankruptcy Court did not err in finding that Appellant's due process rights were not violated in light of all the circumstances surrounding the notice provided to him with respect to the Motion to Dismiss. Furthermore, even assuming error, the error committed is harmless error in light of Rule 4001(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the June 18, 2008 Order of the Bankruptcy Court is **AFFIRMED**.

Dated this 31st day of March, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE